# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## SUSAN DAUGHERTY v.
## STATE OF TENNESSEE, CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-I-147      Seth Norman, Judge**

---

**No. M2003-03054-CCA-R3-HC -Filed October 18, 2004**

---

Petitioner has appealed the dismissal of her petition for writ of habeas corpus.  The State has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion.  We grant the motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Jack Howell Davis, Sr., Nashville, Tennessee, for the appellant, Susan Daugherty.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, III., District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner, Susan Daugherty, pled guilty in the Davidson County Criminal Court to the offense of vehicular assault on February 20, 2002.  She received a sentence of three years in the Department of Correction as a Range I Standard offender.  The sentence was ordered to be served consecutively to sentences for felony theft and aggravated burglary, for a total effective sentence of eight years.  She subsequently filed a petition for writ of habeas corpus on November 7, 2003, challenging only the conviction for vehicular assault.  The petition was summarily dismissed by the trial court, without an evidentiary hearing, on November 21, 2003.

As grounds for relief, Petitioner alleged the following facts in the petition:

(1) Her trial attorney and the trial court, at the guilty plea hearing, erroneously advised her that she would only have to serve thirty percent of the three-year sentence if she "conducted herself uprightly while incarcerated." She asserts that had she known she would only be *eligible* for parole after serving thirty percent of the sentence, she would not have pled guilty.

(2) The guilty plea to vehicular assault is invalid because the trial court did not address her personally in open court and advise her of her constitutional rights and her rights guaranteed under Rule 11 of the Tennessee Rules of Criminal Procedure.

(3) She was denied counsel at a critical stage of the criminal prosecution, to wit: her trial attorney did not investigate the case factually or legally to determine what defense could be developed and asserted at trial, and her counsel knew that she was under the influence of intoxicating drugs at the time of the guilty plea and did not bring that fact to the attention of the court.

(4) The judgment of conviction is void because it does not "have the 'State of Tennessee' on the Judgment as required by . . . the Constitution of the State of Tennessee."

We note that the judgment, which was attached to the petition, reflects that the case was brought in the name of "State of Tennessee v. Susan Daugherty." Furthermore, all of the allegations, even if taken as true, would render the judgment only *voidable* and not void. Recently, the Supreme Court of Tennessee, in *Hickman v. State*, _____ S.W.3d _____ , No. E2002-01916-SC-R11-PC (Tenn. at Knoxville filed Sept. 22, 2004), reviewed the well-established law in Tennessee regarding petitions for the writ of habeas corpus. In that opinion, the court reiterated:

> Habeas corpus relief is proper only if the petition establishes that the challenged judgment is void, as opposed to merely voidable. (citations omitted). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'"

*Hickman*, slip op. at 3 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (186*)))).

The trial court may dismiss the petition for writ of habeas corpus relief without an evidentiary hearing when the petition, on its face, fails to demonstrate that the judgment is void. *Hickman*, slip op. at 3.

The petition in this case squarely falls within the provisions which allows summary dismissal by the trial court.

The judgment was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE